UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAM TREADAWAY, | No. C 11-2640 SI (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| M. D. BITER, warden, | |
|     Respondent. | |

## INTRODUCTION

Eric William Treadaway, a *pro se* petitioner, filed this action for a writ of habeas corpus to challenge his 2006 conviction in Alameda County Superior Court. Respondent has moved to dismiss the petition as untimely, and Treadaway has not opposed the motion. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Following a jury trial in Alameda County Superior Court, Treadaway was convicted of first degree burglary, attempted murder, attempted robbery, assault with a firearm, and possession of a firearm by a felon. The jury found true allegations of great bodily injury, personal use of a firearm, and intentional discharge of a firearm. Treadaway was sentenced to 114 years and 8 months to life in prison. He appealed. The California Court of Appeal affirmed the judgment of conviction on December 2, 2008. The California Supreme Court denied Treadaway's petition for review on February 11, 2009.

Treadaway filed no state habeas petitions challenging his conviction.

On April 28, 2011, Treadaway sent to Judge Henderson of this court a letter that was stamped filed on June 2, 2011.  The court sent him a notice that he had not filed a habeas petition. On July 5, 2011, Treadaway's federal petition was stamped "filed" in this court.  The petition has a date of June 20, 2011 next to his signature, and the envelope in which it was mailed has a July 1, 2011 postmark.  According to the prison mail log, the petition was mailed on June 30, 2011.  As a prisoner proceeding *pro se*, Treadaway receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court.  *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  In the absence of any statement that Treadaway gave the petition to prison officials earlier than the date the mail log shows it being mailed, the petition is deemed to have been filed on June 30, 2011.

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on May 12, 2009, 90 days after the California Supreme Court had denied Treadaway's petition for review on February 11, 2009.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so).  The presumptive deadline for Treadaway to file his federal petition was May

12, 2010. He missed that deadline by more than thirteen months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Treadaway receives no statutory tolling because he filed no state habeas petitions.

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Although Treadaway did not oppose the motion to dismiss, he earlier sent a letter to Judge Henderson in which he stated he had made several unsuccessful attempts to contact his appellate attorney on unstated dates and recently learned that his state appeal "had been exhausted." Docket # 1, p. 1. He attached a copy of his prison legal mail log for the period February 7, 2007 through June 2009 that indicated he did not receive mail from, or send mail to, his appellate attorney, Mark Greenberg, during that time period. The mail log showed that he sent a document to attorney Cassie Pierson two days after the petition for review was denied; although the timing is suspicious, the content of the document is not known so it cannot be certain that it concerned the denial of review. To the extent he blamed his attorney for being failing to forward a copy of the denial of the petition for review to him, he did not show that this was anything more than the kind of routine negligence that is insufficient to warrant equitable tolling. *See Holland*, 130 S. Ct. at 2564-65. More importantly, Treadaway did not show that he pursued his rights with reasonable diligence. Even accepting that he received no notice of the denial of his petition for review, his letter suggested he waited until almost two years after the appeal concluded to attempt to inquire into the status of his appeal. His mail log suggested even less diligence, as it showed that nothing was received from or sent to his appellate attorney since February 2007 – well over three years before he apparently tried to contact the appellate attorney. The limitations period will not be equitably tolled.

Treadaway's federal petition was deemed filed on June 30, 2011, more than thirteen months after the limitations period had expired. The petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 9.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).

The clerk will close the file.

IT IS SO ORDERED.

DATED: May 19, 2012

_____
SUSAN ILLSTON
United States District Judge